UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY A. BURTON, | No. 2:16-cv-1287 TLN DB P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CANO, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges a prison disciplinary proceeding which resulted in a finding of guilt for possession of an inmate-manufactured weapon. He seeks federal habeas relief on the grounds that the disciplinary proceeding violated his due process rights. Upon careful consideration of the record and the applicable law, the undersigned will recommend denial of petitioner's application for habeas corpus relief.

**BACKGROUND**

Petitioner is serving a sentence of life with the possibility of parole for convictions for first degree murder and attempted first degree murder. (Answ. (ECF No. 13) at 1.) On November 25, 2014, when petitioner was incarcerated at California State Prison-Sacramento, correctional officers conducted a random search of petitioner's cell. (Pet. (ECF No. 1 at 24).) According to the Rules Violation Report ("RVR") prepared by Officer Golden, his search

uncovered an inmate manufactured weapon hidden within the mattress padding of the lower bunk. (Id.)

Officer Mitchell was assigned to investigate the matter. (Id. at 25.) Part C of the RVR contains his report. (Id. at 27.) Petitioner told Mitchell the knife was not his. He asked Mitchell to interview Officers Golden and Saenz. Golden stated that he found the weapon inside the lower bunk's mattress. Saenz stated that he had searched that cell before petitioner moved into it. He was also asked whether petitioner or his cellmate had signed an "exhibit B[1]" before they moved into the cell. Saenz responded that "No exhibit 'B' was located at this time." Saenz was then asked for a copy of the "Exhibit 'A' or 'B' [petitioner] signed that show [petitioner] agreed to go into [cell] B5-215 after the mattresses were inspected with a metal detector." Saenz responded that "Exhibit 'A' misfiled." (Id. at 28.)

Mitchell was further told by petitioner's cellmate Hudson that he would "take the knife beef because it was found in [his] mattress and my celly should walk but I did not have a knife." (Id.)

Mitchell's report states that petitioner requested no witnesses at the RVR hearing. (Id.) However, in the hearing officer's description of the RVR hearing, it is noted that petitioner requested Mitchell as a witness. (Id. at 25.) The hearing officer denied that request because "Officer Mitchell was assigned as the fact finder (investigative employee) for this RVR and [petitioner] indicated that he was requesting Officer Mitchell for a character witness not to report facts." (Id.)

The disciplinary hearing was held on March 11, 2015 before Correctional Lieutenant and Senior Hearing Officer Baker. (Id. at 24-26.) Baker noted that the only evidence supporting petitioner's plea of not guilty was the statement from his cellmate Hudson. (Id. at 26.) Baker also noted that Officer Saenz testified that he could not locate an Exhibit B for the cell. (Id.) In support of the guilty finding, Baker listed the RVR report by Golden and the fact the lower bunk

---

[1] According to the petition, "Exhibit B" is a cell inspection sheet that California Department of Corrections' rules require prison staff to complete prior to placing an inmate in a new cell. (See ECF No. 1 at 7.)

2

was "assigned to [petitioner]."

In addition, Baker noted that Officer Saenz had questioned petitioner's cellmate Hudson and Hudson had informed him that he occupied the top bunk. (Id. at 25.) He also questioned petitioner who informed him that he occupied the lower bunk. (Id.) Saenz also determined that records showed that Hudson and petitioner had been assigned the opposite bunks. However, Saenz then returned to the cell and found legal documents and letters with petitioner's name on them on the lower bunk and on the lower shelves. (Id.) He found documents and letters with Hudson's name on them in the upper bunk and upper shelves. (Id.) Petitioner was found guilty and assessed a 360-day loss of sentence credits. (Id. at 26.)

## PROCEDURAL HISTORY

Petitioner appealed the guilty finding at the disciplinary hearing. At the second level of review, the reviewer noted that prior to the hearing, petitioner was afforded the services of a staff assistant and of an investigative employee. (ECF No. 1 at 22.) An interviewer spoke with petitioner in response to his grievance. According to the reviewer, petitioner had "nothing further to add to this review." (Id.) The reviewer also noted that the investigative employee found that both petitioner and his cellmate had been given new mattresses when they moved into their cell, that petitioner had stated that the weapon was his, and that petitioner told custody staff that he slept on the bottom bunk, even though he had been assigned the top bunk. (Id.)

Petitioner's grievance was denied at the third level of review on October 8, 2015. The reviewer had contacted Officer Baker to determine whether petitioner did, in fact, request the presence of Officer Heredia at his hearing. Office Baker stated that petitioner did not make that request. (ECF No. 1 at 20.)

Petitioner filed a habeas petition with the Sacramento County Superior Court. (ECF No. 13-1.) He alleged that the disciplinary decision violated his due process rights because it was not based on a preponderance of the evidence, because he was not permitted to call witnesses, because Officer Heredia never submitted a supplemental RVR, and because it was based on false reports. Relying on Wolff v. McDonnell, 418 U.S. 539, 556, 563-65 (1974) and Superintendent v. Hill, 472 U.S. 445 (1985), the superior court held that petitioner failed to show a violation of

his due process rights:

> Neither the minutes from the disciplinary hearing nor the Investigative Employee's report show that Petitioner requested Officer Heredia as a witness or to complete a supplemental report. The Investigative Employee's report shows that Petitioner sought information regarding whether Officer Heredia was with the reporting employee when the weapon was discovered, but there is no evidence that any further information was requested. The only witness requested at the hearing was the Investigative Employee, H. Mitchell. Petitioner claims that the Senior Hearing Officer's ("SHO") stated reason for denying his request for Mitchell to testify at the hearing, to wit, that Petitioner wanted Mitchell as a character witness, was a fabricat[ion]. Again, he provides no evidence to back this assertion. The SHO noted that there was an "extensive Investigative Employee Report completed," and no new information to support Petitioner's plea of not guilty. Petitioner claims Mitchell told him that he could provide information to exonerate him, but he does not specify what that information was nor explain why such information was not included in Mitchell's report. As such, the SHO's actions were reasonable.

(ECF No. 13-2 at 2-3.)

With respect to petitioner's sufficiency of the evidence claim, the superior court relied on Hill to find that the SHO's decision was supported by "some evidence." Specifically, the court held:

> Here, there was sufficient evidence to support the SHO's decision that the weapon belonged to Petitioner. The SHO did note that despite the record system showing that Petitioner was officially assigned to the upper bunk, Officer Saenz reported that Petitioner's belongings were found in the lower bunk area where the weapon was found while his cellmate's things were in the upper bunk. There is no evidence that this evidence was fabricated. Also, Petitioner's cellmate said he was willing to take the "knife beef," but also emphasized that the weapon did not belong to him. That is not, as Petitioner contends, the same as taking full responsibility for the weapon.
>
> In addition, the fact that a signed Exhibit B cell inspection sheet was not located does not mean that the cell was not searched prior to Petitioner moving in. Here, Officer Saenz stated that he could not locate an Exhibit B, but that a cell inspection had been noted in the search log. In addition, the regulations state, "[i]nsofar as possible, every cell, room or dormitory bed area and locker will be thoroughly inspected immediately upon its vacancy . . . ." (Cal. Code Regs., tit. 15, § 3287(a) (emphasis added).)

(Id. at 3-4.) The court went on to find that even if no cell search was conducted prior to petitioner's occupancy, that fact was not conclusive evidence that the weapon belonged to the

prior occupants of the cell. (Id. at 4.)

Petitioner then filed petitions for writs of habeas corpus in the California Court of Appeal and California Supreme Court. (ECF Nos. 13-3, 13-5.) The courts summarily denied both petitions. (ECF Nos. 13-4, 13-6.)

**STANDARDS OF REVIEW APPLICABLE TO HABEAS CORPUS CLAIMS**

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim −
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the last reasoned state court decision. Greene v. Fisher, 565 U.S. 34, 37 (2011); Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)). Circuit court precedent "'may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably.'" Stanley, 633 F.3d at 859 (quoting Maxwell v. Roe, 606 F.3d 561, 567 (9th Cir. 2010)). However, circuit precedent may not be "used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced." Marshall v. Rodgers, 133 S. Ct. 1446, 1450 (2013) (citing Parker v. Matthews, 567

U.S. 37 (2012)). Nor may it be used to "determine whether a particular rule of law is so widely accepted among the Federal Circuits that it would, if presented to th[e] [Supreme] Court, be accepted as correct." Id. at 1451. Further, where courts of appeals have diverged in their treatment of an issue, it cannot be said that there is "clearly established Federal law" governing that issue. Carey v. Musladin, 549 U.S. 70, 76-77 (2006).

A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts. Price v. Vincent, 538 U.S. 634, 640 (2003) (quoting Williams, 529 U.S. at 405-06). "Under the 'unreasonable application' clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e] [Supreme] Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.'" Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (quoting Williams, 529 U.S. at 413); Chia v. Cambra, 360 F.3d 997, 1002 (9th Cir. 2004). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 411; see also Schriro v. Landrigan, 550 U.S. 465, 473 (2007); Lockyer, 538 U.S. at 75 ("It is not enough that a federal habeas court, in its independent review of the legal question, is left with a firm conviction that the state court was erroneous." (Internal citations and quotation marks omitted.)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103.

There are two ways a petitioner may satisfy subsection (d)(2). Hibbler v. Benedetti, 693 F.3d 1140, 1146 (9th Cir. 2012). He may show the state court's findings of fact "were not

supported by substantial evidence in the state court record" or he may "challenge the fact-finding process itself on the ground it was deficient in some material way." Id. (citing Taylor v. Maddox, 366 F.3d 992, 999-1001 (9th Cir. 2004)); see also Hurles v. Ryan, 752 F.3d 768, 790-91 (9th Cir. 2014) (If a state court makes factual findings without an opportunity for the petitioner to present evidence, the fact-finding process may be deficient and the state court opinion may not be entitled to deference.). Under the "substantial evidence" test, the court asks whether "an appellate panel, applying the normal standards of appellate review," could reasonably conclude that the finding is supported by the record. Hibbler, 693 F.3d at 1146 (9th Cir. 2012).

The second test, whether the state court's fact-finding process is insufficient, requires the federal court to "be satisfied that any appellate court to whom the defect [in the state court's fact-finding process] is pointed out would be unreasonable in holding that the state court's fact-finding process was adequate." Hibbler, 693 F.3d at 1146-47 (quoting Lambert v. Blodgett, 393 F.3d 943, 972 (9th Cir. 2004)). The state court's failure to hold an evidentiary hearing does not automatically render its factfinding process unreasonable. Id. at 1147. Further, a state court may make factual findings without an evidentiary hearing if "the record conclusively establishes a fact or where petitioner's factual allegations are entirely without credibility." Perez v. Rosario, 459 F.3d 943, 951 (9th Cir. 2006) (citing Nunes v. Mueller, 350 F.3d 1045, 1055 (9th Cir. 2003)).

If a petitioner overcomes one of the hurdles posed by section 2254(d), this court reviews the merits of the claim de novo. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008); see also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised."). For the claims upon which petitioner seeks to present evidence, petitioner must meet the standards of 28 U.S.C. § 2254(e)(2) by showing that he has not "failed to develop the factual basis of [the] claim in State court proceedings" and by meeting the federal case law standards for the presentation of evidence in a federal habeas proceeding. See Cullen v. Pinholster, 563 U.S. 170, 186 (2011).

////

The court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). "[I]f the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, [this court] may consider both decisions to 'fully ascertain the reasoning of the last decision.'" Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc) (quoting Barker v. Fleming, 423 F.3d 1085, 1093 (9th Cir. 2005)). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 562 U.S. at 99.

This presumption may be overcome by showing "there is reason to think some other explanation for the state court's decision is more likely." Id. at 99-100 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)). Similarly, when a state court decision on a petitioner's claims rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. Johnson v. Williams, 568 U.S. 289, 292 (2013).

A summary denial is presumed to be a denial on the merits of the petitioner's claims. Stancle v. Clay, 692 F.3d 948, 957 & n. 3 (9th Cir. 2012). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). Stanley, 633 F.3d at 860; Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes, 336 F.3d at 853 (citing Delgado v. Lewis, 223 F.3d 976, 981 (9th Cir. 2000)).

This court "must determine what arguments or theories . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of th[e] [Supreme] Court." Richter, 562 U.S. at 102. The petitioner bears "the burden to demonstrate that

'there was no reasonable basis for the state court to deny relief.'" Walker v. Martel, 709 F.3d 925, 939 (9th Cir. 2013) (quoting Richter, 562 U.S. at 98).

When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court must review the claim de novo. Stanley, 633 F.3d at 860; Reynoso v. Giurbino, 462 F.3d 1099, 1109 (9th Cir. 2006); Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003).

**PETITIONER'S CLAIMS**

Petitioner alleges three claims here. First, he argues the disciplinary decision was not supported by a "preponderance of the evidence." Second, he contends his due process rights were violated by the hearing officer's denial of his right to call witnesses and by Officer Heredia's failure to prepare a supplemental RVR. Finally, petitioner argues that the decision was based on false reports in violation of California Penal Code §§ 118 and 134.

Initially, the court notes that petitioner relies upon state law, rules, and regulations to support many of his claims. As set out above, a writ of habeas corpus under 28 U.S.C. § 2254 is not available for violations of state law. Wilson, 562 U.S. at 5. Therefore, petitioner's contentions that prison rules required Officer Heredia to have completed a supplemental RVR and that officers committed perjury (Penal Code § 118) and fraud (Penal Code § 134) are not claims this court may consider under § 2254.[2] Rather, only claims alleging violations of the federal Constitution or laws are viable under § 2254. Further, petitioner may only succeed on these claims if he shows the state court decision was contrary to, or an unreasonable application of, clearly established federal law or that the decision was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d).

**I.  Due Process Requirements for Prison Disciplinary Proceedings**

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418

---

[2] To the extent petitioner argues that the superior court erred by not addressing his claim regarding the false reports, for purposes of review under § 2254, this court presumes the state court denied that claim. See Johnson, 568 U.S. at 292. And, in any event, as discussed in the text, that claim is not cognizable in this action.

9

U.S. 539, 556 (1974). An inmate subject to disciplinary sanctions that include the loss of good time credits must receive (1) twenty-four-hour advanced written notice of the charges against him, id. at 563-64; (2) a written statement by the fact finder as to the evidence relied on and the reasons for the action, id. at 564-65; (3) an opportunity to call witnesses and present documentary evidence where doing so "will not be unduly hazardous to institutional safety or correctional goals," id. at 566; (4) assistance at the hearing if he is illiterate or if the matter is complex, id. at 570; and (5) a sufficiently impartial fact finder, id. at 570-71. A finding of guilt must also be "supported by some evidence in the record." Superintendent v. Hill, 472 U.S. 445, 454 (1985).

## II. Was the Disciplinary Decision Supported by Some Evidence?

In his first claim, petitioner argues that there was insufficient evidence to support the finding of guilt for possession of the weapon. Petitioner applies the "preponderance of the evidence" standard set out in the California Code of Regulations for the hearing officer's consideration of a disciplinary violation. See 15 Cal. Code Regs. § 3320. That is not the standard this court applies. Under the Due Process Clause, this court considers only whether "some evidence" supports the hearing officer's decision. The "some evidence" standard is not high. A court need only decide whether there is any evidence at all that could support the hearing officer's decisions. Bruce v. Ylst, 351 F.3d 1283, 1287–88 (9th Cir. 2003). A reviewing court does not "examine the entire record, independently assess witness credibility, or reweigh the evidence." Id. at 1287 (citing Hill, 472 U.S. at 455-56). However, the evidence supporting the administrative determination must bear "some indicia of reliability." Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987) (citations omitted). A single piece of evidence that has sufficient indicia of reliability can be sufficient to meet the "some evidence" standard. Bruce, 351 F.3d at 1288.

The superior court correctly applied the "some evidence" standard.[3] The court found the following evidence supported the hearing officer's decision: (1) petitioner's belongings were found in the lower bunk where the weapon was found; (2) petitioner's cellmate's belongings were found in the upper bunk; (3) petitioner's cellmate said he was willing to take the "beef" but he

---

[3] Because the decision of the superior court is the "last reasoned decision of a state court," it is the one this court reviews under 28 U.S.C. § 2254(d). See Stanley, 633 F.3d at 859.

10

also made clear the weapon was not his; (4) the fact that a signed Exhibit B inspection sheet was not found does not mean an inspection was not conducted before petitioner moved into the cell; and (5) even if no inspection was conducted, it does not necessarily follow that the prior inhabitants of the cell placed the weapon in the mattress. Petitioner challenges none of these findings, which are sufficient under Hill to support the hearing officer's decision. The superior court did not make unreasonable findings of fact and did not incorrectly apply the law. Petitioner's first claim should fail.

### III.    Were Petitioner's Rights to Present Witnesses and Evidence Violated?

Petitioner makes three arguments here: (1) the hearing officer used false grounds to deny petitioner his right to have Officer Mitchell testify; (2) the hearing officer denied petitioner's request to call Officer Heredia as a witness at the hearing; and (3) Officer Heredia failed to prepare a supplemental RVR despite petitioner's requests that he do so. With respect to petitioner's third argument, that petitioner was entitled to a specific report from Officer Heredia, petitioner provides no federal law authority for the proposition that Officer Heredia was required to prepare such a report. Whether or not state law required a second officer to prepare a supplemental RVR is not relevant to the court's inquiry. The question under Wolff is whether Officer Heredia's failure to do so violated petitioner's due process rights. The court finds no support for this argument.

With respect to petitioner's remaining claims, he fails to show the superior court acted unreasonably in denying them. The opportunity to present witnesses under Wolff is not unlimited. The hearing officer has discretion to deny witnesses who do not have relevant testimony or are otherwise unnecessary. Wolff, 418 U.S. at 566. Here, the hearing officer found that petitioner wished to have Office Mitchell testify as a character witness.

While petitioner contends that is false, he provides no other basis for Mitchell's testimony besides the vague assertion that Mitchell had exculpatory information. Petitioner does not explain what he told the hearing officer when he requested Mitchell's testimony or just what he expected that testimony to be. On this limited record, this court cannot say that the superior court's determination that the hearing officer had a reasonable basis to deny petitioner the right to

have Mitchell testify was unreasonable.

Even if the hearing officer erred in refusing to allow Mitchell to be a witness, petitioner could not succeed on his due process claim because he has not shown that the error affected the hearing officer's decision. See Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993) (constitutional error does not justify habeas relief if it did not have a "substantial and injurious effect or influence in determining" the challenged decision). Without knowing what Mitchell would have said, a court cannot determine that the denial of Mitchell's testimony had a substantial and injurious influence on the final decision.

The same is true for petitioner's allegations about Officer Heredia. First, petitioner again provides no evidence to show when he requested Heredia's testimony, who he requested it from, or what basis he had for the request. And, again, even if petitioner did request to have Heredia testify and even if the hearing office denied that request, petitioner fails to make any showing that Heredia's testimony might have changed the hearing officer's final determination. Petitioner has not shown any error that had a substantial and injurious influence on the hearing officer's final decision. Petitioner's claim 2 should also be denied.

**IV.     Conclusion**

The court finds petitioner's claim 1 and 2 should be denied on their merits. Petitioner's claim 3 should be denied for failure to state a claim cognizable under 28 U.S.C. § 2254. Because petitioner fails to meet the standards of 28 U.S.C. § 2254(d) by showing the superior court's decision was contrary to or an unreasonable application of clearly established federal law or an unreasonable construction of the facts, petitioner's request for an evidentiary hearing should be denied as well. See Cullen v. Pinholster, 563 U.S. 170, 181-82 (2011) (federal court's review is limited to the record that was before the state court unless petitioner satisfies 2254(d) standards).

For the reasons set forth above, IT IS HEREBY RECOMMENDED that petitioner's motion for an evidentiary hearing and his petition for a writ of habeas corpus be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).  In the objections, the party may address whether a certificate of appealability should issue in the event an appeal of the judgment in this case is filed.  See Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated:  June 8, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-habeas/burt1287.fr